Date signed February 28, 2007



_____
PAUL MANNES
U. S. BANKRUPTCY JUDGE

**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF MARYLAND**
**at Greenbelt**

| | | |
|---|---|---|
| IN RE: | : | |
| | : | |
| SARVAN P. SINGH | : | Case No. 05-40222PM |
|                 Debtor | : | Chapter 7 |
| - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - | : | |
| ATLANTIC CITY SHOWBOAT, INC. | : | |
| t/a The Atlantic City Showboat Hotel | : | |
|               Plaintiff | : | |
|    vs. | : | Adversary No. 06-1084PM |
| SARVAN P. SINGH | : | |
|               Defendant | : | |
| - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - | : | |

**MEMORANDUM OF DECISION**

      Before the court are cross motions for summary judgment in this adversary proceeding. Most of the material facts are not in dispute. To facilitate his gambling session at the Showboat Casino, Debtor obtained a $25,000.00 line of credit. To evidence his obligation, Mr. Singh gave the Casino a counter check for that amount. In the trade, this paper is referred to as a "marker." He was an authorized signatory on the account on which the check was drawn, and, at the time that the transaction took place, and for some days after, there was over $300,000.00 in the account. Long after the filing of the bankruptcy case, when the Casino sought to collect the debt, it found that the account was closed.

      Plaintiff urges that by virtue of 11 U.S.C. § 523(a)(2)(B) the debt is not discharged and that it is entitled to the presumption of 11 U.S.C. § 523(a)(2)(C) that provides:

**11 U.S.C. § 523.  Exceptions to discharge**

(a) A discharge under section 727, 1141, 1228(a) 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt--

\*          \*          \*          \*          \*

(2) for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained, by

\*          \*          \*          \*          \*

(C) for purposes of subparagraph (A) of this paragraph, consumer debts owed to a single creditor and aggregating more than $1,125 for "luxury goods or services" incurred by an individual debtor on or within 60 days before the order for relief under this title, or cash advances aggregating more than $1,225 that are extensions of consumer credit under an open end credit plan obtained by an individual debtor on or within 60 days before the order for relief under this title, are presumed to be nondischargeable; "luxury goods or services" do not include goods or services reasonable acquired for the support or maintenance of the debtor or a dependent of the debtor; and extension of consumer credit under an open end credit plan is to be defined for purposes of this subparagraph as it is defined in the Consumer Credit Protection Act.

The Plaintiff's claim is not entitled to the benefit of the presumption.  First, the obligation was incurred for cash, not luxury goods or services.  Defendant used the cash to gamble at the Casino.  Next, the marker did not constitute an open-end extension of consumer credit.  Defendant gave the Plaintiff a check for $25,000.00 and received chips in that amount.  The transaction was concluded at that point.  No credit was extended, as a check was taken for the full amount of the debt.  Nothing prevented the deposit of that check forthwith.

This does not end the discussion.  There remains the averment in the Complaint that the $25,000.00 claim is not dischargeable on the grounds of actual fraud or for submission of a false financial statement.  Debtor filed this bankruptcy case under Chapter 7 less than a week after the transaction in question.  Because of numerous inferences that are available, the court is unwilling to accept as true the affidavits submitted on behalf of Defendant.  Both motions will be denied.

An appropriate order will be entered.

cc:
Michael G. Dana, Esq., 4416 East West Highway, Suite 210, Bethesda, MD 20814
Richard M. Kind, Esq., One Church Lane, Baltimore, MD 21208
Alan M. Grochal, Esq., 100 East Pratt Street, 26th Floor, Baltimore, MD 21202
Merrill Cohen, Trustee, 7910 Woodmont Avenue, Suite 760, Bethesda, MD 20814
Sarvan P. Singh, 12903 Canoe Court, Fort Washington, MD 20744

**End of Memorandum**